UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,                           :
                                                    :
         Plaintiff,                                 :
                                                    :        **DECISION AND ORDER**
         -against-                                  :        11-cr-800 (WFK)
                                                    :
SEMYON BUMAGIN,                                     :
                                                    :
         Defendant.                                 :
----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 13, 2012, defense counsel requested the Court determine whether Defendant Semyon Bumagin ("Defendant") is competent to stand trial and assist properly in his own defense. Defendant subsequently underwent three separate competency evaluations. The Court held a competency hearing on July 21 and 22, 2014, and the parties submitted post-hearing briefing. On December 10, 2014, the Court ordered an additional competency evaluation from Dr. Sanford L. Drob, a Court-appointed psychologist. Having received Dr. Drob's evaluation, and based on the Court's own observations of the Defendant, the Court hereby finds as a matter of fact that the Defendant is competent to stand trial and to assist properly in his own defense.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this action and with the three previous evaluations of Defendant undertaken by Dr. Monica Rivera-Mindt, PhD., in May 2012 ("Mindt Report"), by Dr. Dana Brauman in July and August 2012 ("Brauman Report"), and by Dr. Jill Grant[1] of the Federal Medical Center in Butner, North Carolina, ("FMC Butner") in April 2013 ("Grant Report"). *See* Dkt. 90 ("Competency Order") at 1-7; *see also* Dkt. 80-1 (Mindt Report); Dkt. 80-2 (Brauman Report); Jill R. Grant, Jill C. Volin, Amor Correa, & Tracy O'ConnoPennuto, Forensic Evaluation, Mental Health Department, Federal Medical Center, Butner, North Carolina (2013) (Grant Report). The Court also assumes the parties' familiarity

---

[1] On August 9, 2013, the Court struck the Grant Report and stated that it would rely on the initial two evaluations to determine the Defendant's competency. *See* Dkt. Entry of 08/09/2013. The Government moved to appeal but withdrew the appeal on December 3, 2013. Dkts. 45, 51.

1

with the testimony provided at the two-day competency hearing held on July 21 and 22, 2014. Competency Order at 3-7.

On December 10, 2014, following in-depth post-hearing briefing by both parties, the Court determined there was insufficient evidence to render a decision on Defendant's competency. Competency Order at 1. Accordingly, the Court appointed Dr. Sanford L. Drob, PhD., to conduct an additional competency evaluation of the Defendant. *Id.* at 12.

On April 7, 2015, Dr. Drob provided his final report on Defendant's competency to the Court. Sanford L. Drob, Forensic Psychological Report (2015) (hereinafter "Drob Report"). Dr. Drob's report is thorough and detailed. In the report, Dr. Drob stated "[t]he results of the current testing, *if taken at face value*, are indicative of a significant decline in [Defendant's] cognitive functioning since he was assessed [by Dr. Brauman] in August of 2012 and [by Dr. Grant] at [FMC] Butner in April, 2013." *Id.* at 14 (emphasis added). Dr. Drob noted that many of Defendant's test results were "consistent with his making a reasonable effort on testing" and Dr. Drob indicated that "my impression was that he was thinking about and even struggling with the answers each time in a manner that suggested that he was providing an honest rather than a manipulative response." *Id.* at 16. Dr. Drob, however, also suggested that certain of Defendant's results could be explained by "an effort to present such a decline [of memory]" and Dr. Drob expressed "some suspicion that [Defendant] may at times exaggerate cognitive deficits on testing[.]" *Id.* at 17-18. Ultimately, Dr. Drob concluded that, while there is a "significant remaining question . . . [of] whether [Defendant] is malingering or exaggerating cognitive deficits so as to mislead the examiners, counsel[,] and the [C]ourt," Defendant on balance is incompetent to stand trial and is unlikely to be restored to competency. *Id.* at 19-22.

2

# DISCUSSION

## I. Legal Standard

For a defendant to be competent to stand trial, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (internal quotations omitted). Competency is determined by a preponderance of the evidence. *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) ("The federal statute providing for competency hearings does not allocate the burden of proof, and neither the Supreme Court nor this court has decided as a matter of statutory construction whether the government or defendant bears the burden. We decline, however, to reach this issue today."). Though some courts have found that the allocation of the burden of proof is unsettled, the Supreme Court has stated in *dicta* that the accused must prove incompetence by a preponderance of the evidence. *See Cooper v. Oklahoma*, 517 U.S. 348, 361 (1996) (suggesting in *dicta* that the accused must prove incompetence by a preponderance of the evidence).

The Court follows the competency procedure set forth in 18 U.S.C. § 4241. Pursuant to that provision:

> If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

3

(2) for an additional reasonable period of time until--

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d) ("Determination and disposition").

## II. Application

The Court has carefully reviewed the evidence in this case and finds as a matter of fact that Defendant is competent to stand trial. It is evident that Defendant is suffering from some degree of illness, and it is further evident from Dr. Drob's report that the question of Defendant's competency is a close one given the possibility that Defendant is exaggerating or even wholly feigning his symptoms. However, the Court has had the opportunity to observe Defendant and Defendant's interactions with his counsel on numerous occasions. Based on the Court's personal observations of Defendant and on Dr. Drob's report, the Court finds as a matter of fact that Defendant has the ability to consult with his lawyer "with a reasonable degree of rational understanding" and has a rational and factual understanding of the proceedings against him. *See Dusky*, 362 U.S. at 402. The Court further finds that, while Defendant likely has some degree of dementia, malingering is "the chief reason for the symptoms he displays." *United States v. Gigante*, 996 F. Supp. 194, 201 (E.D.N.Y. 1998) (Weinstein, J.). Defendant is attempting to avoid trial and, with it, the possibility that he might be found guilty and suffer punishment as a result of that finding of guilt.

4

The Court considers neither the Mindt Report nor the Brauman Report in making this finding since both reports are stale, having been written over two and a half years ago. *See Lewis v. Zon*, 563 F. Supp. 2d 804, 822 (S.D.N.Y. 2008) (Holwell, J.) (noting competency reports written in November 1998 were stale by the time of defendant's May 1999 trial) The Court also continues to neither admit nor rely on the Grant Report, given the Court's serious concerns about the evaluation methods of the physicians at FMC Butner. *See* Dkt. Entry 08/09/2013 ("[T]he Court ruled that it will strike Dr. Grant's report in its entirety and rely on the initial two evaluations to determine the Defendant's competency pursuant to 18 U.S.C. § 4241(d).") Furthermore, the Grant Report is also stale, having been written over two years ago. *See Lewis*, 563 F. Supp. 2d at 822.

## CONCLUSION

The Court hereby finds as a matter of fact that Defendant is now, and will for the foreseeable future remain, competent to fully participate in the criminal action against him and to consult with his lawyer in aid of his defense. This action will proceed accordingly.

**SO ORDERED.**

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 10, 2015
Brooklyn, New York