

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JDG:KMT/MKP
F. # 2011R01816

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 10, 2015

By ECF and Electronic Mail

Zoe J. Dolan, Esq.
3481 Amethyst Street
Los Angeles, CA 90032

        Re:    United States v. Semyon Bumagin
                 Criminal Case No. 11-800 (WFK)

Dear Counsel:

       Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby provides notice that it intends to call the experts whose anticipated testimony at trial is described below.  The government reserves the right to call substitute expert witnesses as well as to call additional expert witnesses, and will provide advance notice of any intent to do so.  The government also renews its request for reciprocal discovery from the defendants, including notice of any anticipated defense experts.

I.       Linguists/Translators

       The government intends to call Ms. Jeanette Andreev and Ms. Isabelle Avrutin as language specialists in Russian-English language services.  Statements of Ms. Andreev's and Ms. Avrutin's qualifications are attached.  The government expects to introduce Russian-language recordings at trial.  Ms. Agoureev and Ms. Avrutin are each expected to testify that she translated and/or verified the accuracy of translations of certain recordings.  They will further testify that the finalized transcripts they translated and/or verified are true and accurate English translations of the original documents and recordings.

II.      Ballistics Examiner Testimony

       The government intends to call Detective James Talbot of the New York City Police Department as an expert in the operability of various types of firearms and ammunition.  Detective Talbot has been assigned to the Firearms Analysis Section of the New York City Police Department since December 2012.  A statement of Detective Talbot's qualifications is enclosed.  Detective Talbot will testify about his analysis of the firearm and ammunition seized from the defendant in October 2011, consistent with the report previously produced to you as discovery exhibit number 46.

Zoe Dolan, Esq.
September 10, 2015

III.     Interstate Nexus Testimony

The government intends to call Special Agent Keith Prill of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to testify as an expert in the movement of firearms and ammunition in interstate commerce. Special Agent Prill is expected to testify that he examined the firearm and ammunition recovered in connection with this case and determined that they were manufactured outside the state of New York. A statement of Special Agent Prill's qualifications is attached.

IV.     Testimony Regarding Significance of Defendant's Tattoos

As set forth in the government's motions in limine, filed on September 10, 2015, if the defendant raises an entrapment defense, the government intends to call Professor Helena Goscilo of the Ohio State University as an expert in certain aspects of Russian history and culture relevant to the defendant's predisposition to commit the charged crimes.[1] Professor Goscilo has held a number of academic positions related to the study of Russian and Eastern European history and culture, including Chair of the University of Pittsburgh Slavic Department and Chair of the Ohio State University Slavic & East European Languages & Cultures Department. Professor Goscilo has published an academic study of Russian prison tattoos and has given numerous presentations on the topic. A statement of Professor Goscilo's qualifications is attached, including a list of her presentations and publications, as is a copy of her article, entitled "Texting the Body: Soviet Criminal Tattoos," from the volume entitled Cultural Cabaret: Russian and American Essays in Memory of Richard Stites (David Goldfrank et al., eds. 2012). Professor Goscilo will testify about the significance and meaning of certain of the defendant's tattoos within the culture of the Russian criminal underworld.

---

[1] Federal Rule of Criminal Procedure 16(a)(1)(G) requires only the disclosure of experts that the government intends to use in its "case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). It is well-settled that "[r]ebuttal testimony is not subject to pretrial disclosure. The government need not disclose even the names of rebuttal witnesses. A fortiori, it need not disclose the contents of their testimony." United States v. Hankins, 539 F. App'x 757, 758 (9th Cir. 2013); United States v. Frazier, 387 F.3d 1244, 1269 (11th Cir. 2004) ("[C]onsistent with the plain language of the Rule [16(a)(1)(G)], the government's presentation of rebuttal testimony without prior notice does not violate Rule 16, since the Rule's notice requirements apply only to the government's case-in-chief."). The government is nevertheless providing notice of its intent to call Professor Goscilo as a courtesy to counsel, in an abundance of caution, and so that the parties may litigate in advance of trial any issues related to her anticipated testimony. The government reserves the right to call additional witnesses, including expert witnesses, in rebuttal.

2

Zoe Dolan, Esq.
September 10, 2015

V.   Testimony of Experts in Forensic Psychiatry and Clinical Neuropsychology

For the reasons stated in the government's August 13, 2015 letter to the Court, which was incorporated by reference into the government's motions in limine, filed on September 10, 2015, the government respectfully submits that the defendant should not be permitted to raise an insanity defense or to introduce expert evidence relating to a mental disease or defect or any other mental condition under Federal Rule of Criminal Procedure 12.2.  If the defendant is permitted to raise such a defense or introduce such testimony, however, the government intends to call forensic psychiatrist Michael Welner, MD, and clinical neuropsychologist Joel Morgan, Ph.D, to testify in rebuttal.  Statements of Dr. Welner's and Dr. Morgan's qualifications are attached.[2]

---

[2] As described above, Federal Rule of Criminal Procedure 16(a)(1)(G) requires only the disclosure of experts that the government intends to use in its "case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).  Although the government presently intends to call Dr. Welner and Dr. Morgan only if the defendant raises an insanity defense or otherwise presents expert testimony under Federal Rule of Criminal Procedure 12.2, the government is nevertheless providing notice of its intent to call Dr. Welner and Dr. Morgan as a courtesy, in an abundance of caution, and so that the parties may litigate in advance of trial any issues related to their expertise.  The government reserves the right to call additional witnesses, including other expert witnesses, in rebuttal.

Because the defendant has not provided notice under Rule 12.2 or met the disclosure requirements of Rule 16(b)(1), the government has not been given notice of the factual or legal arguments it will be called upon to rebut, and the government is therefore not in a position to "describe the witness[es'] opinions, the bases and reasons for those opinions, and the witness[es'] qualifications," of any expert witness the government may call in a rebuttal case.  Fed. R. Crim. P. 16(a)(1)(G); see also, e.g., Hankins, 539 F. App'x at 758 (holding that the government need not disclose the contents of expert rebuttal witnesses' testimony in advance of trial); Frazier, 387 F.3d at 1269 (same).

3

Zoe Dolan, Esq.
September 10, 2015

        If you have questions or requests regarding the contents of this letter, please contact us.

                              Very truly yours,

                              KELLY T. CURRIE
                              Acting United States Attorney

                By:    /s/_____
                              Kevin Trowel
                              Moira Kim Penza
                              Assistant U.S. Attorneys

Enclosures

cc:    Clerk of the Court (WFK) (by ECF) (w/o enclosure)