UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA                              11 Cr. 800 (WFK)

       v.

SEMYON BUMAGIN

------------------------------------------------------X

Defendant's Response

To Government's Motions In Limine

Zoë Dolan
154 Grand Street
New York, NY 10013
(347) 301-5180
zdolan@gmail.com

Defendant Semyon Bumagin submits this response to the government's motions in limine. For the reasons that follow, appropriate evidence concerning Mr. Bumagin's mental condition during relevant periods of time is proper; the government should be precluded from introducing Mr. Bumagin's statement to law enforcement in piecemeal fashion; and, the Court should hold the balance of the government's motions in abeyance pending the evidence at trial.

I.  Initial Concerns And Reservation Of Positions Pending Trial

As a preliminary matter, the motions in limine submitted by the government seek to maximize latitude for the prosecution's case-in-chief (for example, by broadening the case to include a spate of at best attenuated, and in any event unduly prejudicial, historical information that requires mental gymnastics to achieve relevancy), while limiting the defense to almost nothing, if not nothing (for example, by arguing that evidence contemplated under the Insanity Defense and Reform Act ("IDRA"), 18 U.S.C. § 17, is somehow not contemplated by the Act). A bird's eye view of the government's filing yields the conclusion that it seeks to restrict this case on a track that eschews basic notions of fairness, notwithstanding the degree to which Second Circuit case law may sanction such an imbalance.

From a practical perspective, however, there is an even more intractable problem at the heart of these issues: Mr. Bumagin's inability to assist in his own defense. As the record reflects, defense counsel concurs with the three competency experts in this matter whose methods are based on science, all of whom have determined that Mr. Bumagin suffers from an impairment from dementia that is too significant to overcome. Effective assistance of counsel necessary assumes that a defendant is capable of assisting in his own defense and making decisions of import ~~ or, for that matter, any decision at all ~~ such as whether to testify or remain silent. As

1

a result, it is not possible for the defense to develop a workable trial strategy, or for the case to proceed within the mandates of Due Process and the Sixth Amendment right to counsel.

In light of the foregoing, the defense reserves its position with respect to the following aspects of the government's arguments:

| Government Argument | Current Defense Position |
| --- | --- |
| Evidence of the Defendant's Involvement in Uncharged Crimes and Other Bad Acts Is Admissible at Trial as Direct Evidence of the Charged Crimes or, Alternatively, Pursuant to Federal Rule of Evidence 404(b) | Position Reserved |
| A Defendant's Entrapment Defense Opens the Door to Predisposition Evidence | Position Reserved |
| The Defendant's Pre- and Post-Arrest Statements Were Voluntary and Are Admissible at Trial | Position Reserved |
| The Government Is Entitled to Cross-Examine the Defendant Under Rule 609(a)(2) About His 2002 Convictions and Should be Permitted to Cross- Examine Him about His 1999 Conviction Under Rule 609(b) | Position Reserved |

The defense intends to place no limitation on any warranted legal objection by reserving its position, and does, and intends to, object to evidence that is irrelevant to the charges (*see* Fed. R. Evid. 401), prejudicial absent greater probative value (*see* Fed. R. Evid. 403), or a combination of both.

II.     Appropriate Evidence Concerning Mr. Bumagin's Mental Condition Is Admissible.

Congress recognized the bearing a defendant's mental condition has on the determination of alleged criminal conduct in the IDRA, which provides: "It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does

not otherwise constitute a defense." 18 U.S.C.A. § 17(a). The Second Circuit has joined other Circuits in holding that IDRA "does not preclude a defendant from submitting evidence for the purpose of rebutting the prosecution's proof of the *mens rea* element of a specific crime." *United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006). Contrary to the government's attempt to exclude such evidence now, the question is one for a jury, with the burden on the defendant to establish the defense by clear and convincing evidence. *Shannon v. United States*, 512 U.S. 573, 582 (1994).

Accordingly, appropriate evidence relating to Mr. Bumagin's mental condition during relevant periods is admissible.

III. Mr. Bumagin's Statements To Law Enforcement

To the extent that Mr. Bumagin's statements to law enforcement may be admissible, they should not be introduced in piecemeal form. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (U.S. 1973). *See also United States v. Nixon*, 418 U.S. 683, 709 (U.S. 1974) ("The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence."); *and Washington v. Texas*, 388 U.S. 14, 22 (1967) ("the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury"). Because it cannot be gainsaid that the purpose of eliciting statements from a defendant is to extract

testimonial evidence ~~ indeed, *Miranda* warnings are designed to address that very likelihood, which, sure enough, is the end that government now pursues ~~ any such statements should be evaluated by the jury in whole.[1]

September 17, 2015                           s/
Los Angeles, California                 Zoë Dolan
                                                  154 Grand Street
                                                  New York, NY 10013
                                                  (347) 301-5180
                                                  zdolan@gmail.com

---

[1] The defense does not waive any objection under Fed. R. Evid. 106 or the "rule of completeness."