

U.S. Department of Justice

United States Attorney
Eastern District of New York

JDG:KMT/MKP
F. # 2011R01816

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 17, 2015

By Hand and ECF

The Honorable William F. Kuntz, II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Semyon Bumagin
                Criminal Case No. 11-800 (WFK)

Dear Judge Kuntz:

      On September 10, 2015, the defendant provided notice, pursuant to Federal Rule of Criminal Procedure 12.2(b), that he "may" call up to five expert witnesses to testify about the "defendant's dementia and its effect on him during relevant periods, including with respect to memory, cognition, functionality, behavior, suggestibility, and executive function, insofar as these aspects of the disease bear on the issue of guilt in this case" (hereinafter, the "Expert Notice"). (Dkt. No. 149.) By letter dated September 10, 2015, the government requested that the Court order the defendant to comply with the disclosure requirements set forth in Federal Rule of Criminal Procedure 16(b)(1)(C). (Dkt. No. 150.) The defendant disclosed certain materials on September 11, 2015. (Dkt. Nos. 151, 152.)

      For each of the reasons that follow, the government respectfully submits that the defendant should be precluded from introducing testimony under Rule 12.2(b) from any of the five experts identified in the Expert Notice. First, as a general matter, it is clear from the defendant's disclosures to date that the defendant is attempting to introduce the same testimony from the same witnesses already presented to the Court in the course of the competency proceeding. The Court has already made a factual finding that the defendant is competent to stand trial and the defendant's attempt to relitigate this issue before the jury should be rejected. (See Dkt. No. 124 (decision and order finding the defendant competent to stand trial).)

      Moreover, as set forth below, 18 U.S.C. § 17 and the applicable case law make clear that the defendant is prohibited, as a matter of law, from introducing expert psychological and/or psychiatric testimony as to the crimes charged in Counts Two, Three

and Four of the indictment, because each of those crimes only requires proof of "general intent." In addition, to the extent the Hobbs Act conspiracy charge in Count One is a crime that requires proof of "specific intent," the defendant has failed to carry his burden to show that his is one of the "rare cases" in which expert psychological and/or psychiatric testimony is admissible to negate the mens rea of that crime. Finally, the defendant has failed to satisfy the requirements of Rule 16(b)(1)(C). Accordingly, the proposed expert testimony should be precluded at trial.

I. Expert Psychological and/or Psychiatric Testimony is Inadmissible as a Matter of Law as to the "General Intent" Crimes Charged in Counts Two, Three and Four of the Indictment

As set forth in the government's August 12, 2015 letter to the Court, the 1984 Insanity Defense and Reform Act ("IDRA") eliminated all defenses of justification or excuse based upon mental disease or defect, such as diminished capacity or diminished responsibility. See United States v. Pohlot, 827 F.2d 889, 898-99 (3d Cir. 1987); United States v. Sabir, No. 05 CR 673, 2007 WL 1373184, at *5 (S.D.N.Y. May 10, 2007). The IDRA has been codified in 18 U.S.C. § 17, which provides that insanity is an affirmative defense that a defendant must prove by "clear and convincing evidence" and that "[m]ental disease or defect does not otherwise constitute a defense." 18 U.S.C. § 17.

Courts are unanimous in holding that the IDRA prohibits the use of evidence of non-insanity mental disease or defect as applied to "general intent" crimes. See, e.g., Pohlot, 827 F.2d at 897 n.4 (recognizing limitation of evidence to disprove specific intent crimes based on theory that mental disease or defect "can virtually never disprove the mens rea required for general intent crimes [and admission of] psychiatric evidence would be misleading"); see also United States v. Cameron, 907 F.2d 1051, 1063 n.20 (11th Cir. 1990) (stating that "[p]sychological evidence is relevant to mens rea only when the defendant is charged with a specific intent crime"); United States v. Gonyea, 140 F.3d 649, 654 (6th Cir. 1998) (holding psychological testimony is inadmissible as to general intent crime). This is so because "general intent" crimes only require proof of the defendant's "intention to make the bodily movement which constitutes the act which the crime requires," and the defendant's mental state is otherwise irrelevant. United States v. Sewell, 252 F.3d 647, 650 (2d Cir. 2001); see also Carter v. United States, 530 U.S. 255, 269 (2000) (holding that "general intent" requires only "proof of knowledge with respect to the actus reus of the crime.").

Courts are also unanimous in concluding that the crimes charged in Counts Two, Three and Four – unlawful use of a firearm, in violation of 18 U.S.C. § 924(c) and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g) – require only proof of "general intent." See, e.g., United States v. Collier, 533 F. App'x 690, 691 (8th Cir. 2013) ("A § 922(g)(1) offense is a general intent crime . . . ."); United States v. McGlothin, 705 F.3d 1254, 1263 (10th Cir. 2013) ("Section 922(g)(1) is a general intent crime."); United States v. Fuller, 436 F. App'x 167, 168 (4th Cir. 2011) ("Federal courts have recognized that possession of a firearm after a felony conviction is a general intent crime."); United States v.

2

Carlisle, 173 F. App'x 796, 800 (11th Cir. 2006) ("The crime of being a felon in possession of a firearm does not require any specific intent."); United States v. Dare, 425 F.3d 634, 641 n. 3 (9th Cir. 2005) (holding that discharging a firearm in violation of § 924(c) is a general intent crime); United States v. Dodd, 225 F.3d 340, 347 n.4 (3d Cir. 2000) ("The case law in our court describes the § 922(g) offense as a 'general intent' crime . . . ."); United States v. Lane, 267 F.3d 715, 720 (7th Cir. 2001) ("18 U.S.C. § 924(a)(2) incorporates a general intent requirement, namely that a defendant must have known that the object he possessed was a gun."); United States v. Willis, No. 97-4091, 1999 WL 591440, at *4 (6th Cir. July 29, 1999) ("[T]his Circuit has specifically recognized that a violation of § 922(g) is a general intent crime."); United States v. Kegley, No. 90 CR 30261, 1991 WL 36364, at *2 (9th Cir. Mar.18, 1991) ("Violation of § 922(g) is a general intent crime, requiring only that the defendant act knowingly."); United States v. Brown, 915 F.2d 219, 225 (6th Cir. 1990) (holding that 18 U.S.C. § 924(c)(1) is a general intent crime when the defendant merely uses a firearm during a crime of violence); United States v. Rodella, No. 14 CR 2783, 2015 WL 711941, at *36 (D.N.M. Feb. 5, 2015) (noting in dictum that § 924(c)(1)(A)(i) is a general intent crime); United States v. Campbell, No. 05 CR 23, 2009 WL 595974, 4 (E.D. Tenn. 2009) ("[T]he violations of 18 U.S.C. § 924(c) . . . are general intent crimes."); United States v. Ramirez, 495 F. Supp. 2d 92, 114 (D. Me. 2007) ("The circuits that have expressly addressed the issue uniformly hold that § 922(g) is a general intent crime."); United States v. Peralta, 930 F. Supp. 1523, 1530 (S.D. Fla. 1996) (holding that § 924(c) is a general intent crime).

Given this well-settled case law, expert psychological and/or psychiatric testimony is inadmissible as matter of law as to the crimes charged in Counts Two, Three and Four. See, e.g., United States v. Brown, 326 F.3d 1143, 1147 (10th Cir. 2003) (holding that psychological or psychiatric evidence is not admissible as to unlawful use of a firearm and felon in possession crimes because they are not specific intent crimes); Willis, 1999 WL 591440, at *6 (affirming district court's exclusion of expert testimony offered to negate mens rea of § 922(g) charge because it is a general intent crime); Ramirez, 495 F. Supp. 2d at 113 (denying defendant's request to introduce expert psychological testimony as to general intent crime in § 922(g)); United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994) (affirming district court's denial of request to appoint psychological expert because psychological evidence was not relevant to general intent requirement of § 922(g) charge); Peralta, 930 F. Supp. at 1530 (rejecting defendant's proffered expert psychological testimony as to § 924(c) charge because charge required only proof of general intent); see also, e.g., United States v. Monroe, 233 F. App'x 879, 882 (11th Cir. 2007) (affirming district court's exclusion of expert psychological testimony because § 922(g)(3) is not a specific intent crime). Accordingly, the government requests a ruling in advance of trial precluding the defendant's proposed expert testimony as to Counts Two, Three and Four.

II.   The Defendant Should Be Precluded from Offering Expert Psychological and/or Psychiatric Testimony as to Count One

Assuming that the crime charged in Count One – conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 – is one of specific intent, the defendant should also be precluded from offering expert psychological and/or psychiatric testimony as to mens rea for two independent and equally sufficient reasons.[1]

   A.   The Defendant Has Failed To Carry His Burden To Demonstrate the Link Between the Proposed Expert Testimony and the Mens Rea the Government Must Prove as to Count One

First, to the extent testimony regarding non-insanity mental disease or defect is admissible at all in light of the IDRA, is well-settled that such evidence should be admitted in exceptionally rare cases. See, e .g., Pohlot, 827 F.2d at 900 ("Only in the rare case . . . will even a legally insane defendant actually lack the requisite mens rea purely because of mental defect."); Sabir, 2007 WL 1373184, at *5 ("Nevertheless, such evidence is permitted only in rare and narrowly defined circumstances because of the high likelihood that it will result in the resurrection of precisely the kinds of defenses that the IDRA was enacted to prohibit."); United States v. Chance, No. 10 CR 0760, 2011 WL 5826675, at *8 (D. Md. Nov. 17, 2011) ("It is noteworthy that psychiatric evidence introduced for purposes beyond proving the defense of insanity is rarely admissible."); United States v. McClain, No. 08 CR 450, 2010 WL 668172, at *1 (M.D. Fla. Feb. 18, 2010) (noting that "psychiatric evidence in non-insanity defense cases . . . should be admitted in very limited circumstances" (emphasis in original)); United States v. Robinson, 804 F. Supp. 830, 832 (W.D. Va. 1992) ("[E]vidence of mental abnormality, apart from establishing an insanity defense, may only be admitted in the very narrow circumstances where the trial judge concludes that it will negate specific intent or other mens rea." ); United States v. Moran, Nos. 90–5024, 90–5025, 1991 WL 125461, at *3 (4th Cir. Oct. 24, 1991) ("[T]he circumstances for [ ] proper admission [of psychiatric evidence to negate specific intent] will be quite rare."). As the Eleventh Circuit has explained:

> Because psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury from focusing on the actual presence or absence of mens rea, and (3) 'may easily slide into wider usage that opens up the

---

[1] "The Second Circuit has not decided whether evidence of non-insanity mental disease or defect is admissible to disprove the mens rea of specific intent crimes," United States v. LaPlante, 108 F.3d 330 (2d Cir. 1997) (identifying issue and collecting cases, but noting that it is undecided in the Second Circuit), and the government does not concede that it is admissible for that purpose. For the reasons that follow, however, the government respectfully submits that the Court need not resolve this issue, because the proposed expert testimony should be excluded on other independent grounds.

4

> jury to theories of defense more akin to justification,' district courts must examine such psychiatric evidence carefully to ascertain whether it would, if believed, support a legally acceptable theory of lack of mens rea.

Cameron, 907 F.2d at 1067 (internal quotation marks omitted). The Third Circuit has explained that such testimony carries a "strong danger of misuse," and so district courts "must examine proffered psychiatric testimony carefully to determine whether the proof offered is grounded in sufficient scientific support to warrant use in the courtroom, and whether it would aid the jury in deciding the ultimate issues." Pohlot, 827 F.2d at 905; see also United States v. Worrell, 313 F.3d 867, 873 (4th Cir. 2002) ("We confess we have difficulty envisioning many scenarios in which a defendant could introduce psychiatric evidence, short of insanity, that was not simply diminished capacity evidence or some other form of justification in disguise.").

The defendant has failed to carry his burden to demonstrate that this is one of the "rare cases" in which the proffered psychological and/or psychiatric testimony is admissible. See United States v. Sacks, No. 08 CR 629, 2009 WL 4114169, at *2 (D.N.J. Nov. 23, 2009) (explaining that "'[t]he burden that must be met for expert psychiatric testimony to be admitted is a substantial one'" that "'falls squarely on the defendant.'") (quoting United States v. Baxt, 74 F. Supp. 2d 436, 441 (D.N.J. 1999)); Sabir, 2007 WL 1373184, at *5-6 (same)). In order to meet this burden, the defendant must provide the district court with the report and conclusions of the proposed expert(s) and an explanation of how the proposed testimony will negate mens rea. See, e.g., United States v. Andrews, 811 F. Supp. 2d 1158, 1170 (E.D. Pa. 2011) ("In analyzing whether expert testimony on mens rea is admissible, the proper focus should be on the proffered link or relationship between the specific psychiatric evidence offered and the mens rea at issue in the case." (internal quotation marks and alteration omitted)); McClain, 2010 WL 668172, at *1 (rejecting proffered testimony on the ground that it "describes [defendant's] general mental and emotional defects, but it does not describe his state of mind or mens rea at the time of the alleged crime"); Robinson, 804 F. Supp. at 833 ("After careful review of [the proposed expert]'s report and conclusions, this court finds that the report states nothing relevant to defendant's ability to premeditate."). Here, however, the defendant has made no effort at all to demonstrate the link between the proposed testimony and the mens rea and his "'[c]onclusory statements . . . about the link between psychiatric evidence and the defendant's mens rea at the time the alleged crime was committed do not render the evidence admissible.'" Sabir, 2007 WL 1373184, at *5-6 (quoting Baxt, 74 F. Supp. 2d. at 440); see also United States v. Pelletiere, Nos. 95-1328, 95-1618, 1996 WL 282142, at *1 (2d Cir. May 29, 1996) (affirming the district court's exclusion of defendant's psychiatric evidence which "purported to relate to the issue of intent," because the proffered expert testimony was conclusory and "fail[ed] to show how [the defendant's] alleged mental disorders affected her ability to form an intent to defraud").

The defendant has not and, the government respectfully submits, cannot demonstrate any link between his purported dementia and the intent required to prove the

5

conspiracy charged in Count One. Rather, the defendant is seeking to introduce psychological and psychiatric testimony in order to relitigate issues resolved by the Court and to confuse and mislead the jury. The testimony should be excluded.

  B. The Defendant Has Failed to Meet the Disclosure Requirements Set Forth in Federal Rule of Criminal Procedure 16(b)(1)(C)

  Relatedly, the defendant has failed to meet the disclosure requirement set forth in Federal Rule of Criminal Procedure 16(b)(1)(C) and the proposed experts should be excluded for that additional reason. By letter dated September 10, 2015, the government requested a "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial . . . . This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). (Dkt. No. 150.) The defendant responded on September 11, 2015, by (1) providing certain medical records apparently provided by Dr. Ranga Krishna and (2) suggesting that he need not make any additional disclosures as to the remainder of the witnesses in light of his one-sentence summary of the testimony provided in his letter. (See Dkt. No. 152.) These disclosures are inadequate and irrelevant to the issue for which the defendant intends to call the proposed witnesses, and the witnesses' testimony should therefore be excluded under Rule 16(d)(2)(C).

  The law is clear that a defendant's disclosures under Rule 16(b)(1)(C) must be sufficiently detailed to permit the government to challenge the relevance and admissibility of the witnesses' proposed testimony, to prepare its own witnesses in rebuttal and to prepare for cross-examination. See, e.g., United States v. Holmes, 670 F.3d 586, 599 (4th Cir. 2012) (holding that defense expert was properly excluded under Rule 16(d)(2)(C) because "[n]either [the defendant's] brief synopsis of [the expert's] opinion nor [the expert's] curriculum vitae provide the bases and reasons for his proposed testimony that individuals sometimes make false confessions."). As the Advisory Committee's comments to Rule 16 make clear, the purpose of Rule 16(b)(1)(C) is to "'minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" United States v. Day, 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) (quoting Fed. R. Crim. P. 16 advisory committee's note (1993 amendments)); see also, e.g., United States v. Foley, 111 F. App'x 840, 840–41 (6th Cir. 2004) (holding that district court did not abuse its discretion in precluding expert testimony due to untimely and insufficient disclosure of summary statement pursuant to Rule 16(b)(1)(C)); United States v. Concessi, 38 F. App'x 866, 868 (4th Cir. 2002) (finding no abuse of discretion where the district court precluded expert testimony where "[t]he expert designations . . . included only the general topics concerning which each proposed expert would testify. The designations, however, failed to describe the witnesses['] opinions or provide the bases and reasons for the witnesses' opinions."); United States v. Johnson, 219 F.3d 349, 358 (4th Cir. 2000) (holding exclusion of defense expert was proper where the defendants turned over the witness's resume, but "there [was] nothing in the record that demonstrate[d] that they complied with the other requirements of Rule 16, and the transcript indicate[d] that defense counsel did not disclose

6

the doctor's opinion to the government"). The defendant's disclosures do not meet this standard.

   First, the defendant has not provided any explanation of how Dr. Krishna's testimony relates to the defendant's mens rea at the time of the crime charged in Count One, nor has the defendant explained the basis of Dr. Krishna's expertise on this matter. Specifically, in a "written summary," the defendant must explain how Dr. Krisha's testimony will demonstrate that the defendant's purported dementia prevented the defendant from forming the necessary intent to enter the charged conspiracy. The defendant has offered nothing more than "[c]onclusory statements . . . about the link between psychiatric evidence and the defendant's mens rea at the time the alleged crime was committed" and these plainly "do not render the evidence admissible." Andrews, 811 F. Supp. 2d at 1176. Because the defendant has failed to make the required disclosures as to Dr. Krishna's proposed testimony, his testimony should be precluded under Rule 16(d)(2)(C).[2]

   A similar analysis applies as to the remaining experts on the defendant's list. Although the defendant is correct that Drs. Grant, Brauman, Drob and Rivera-Mindt all testified in the course of the competency proceedings, each of those doctors offered testified only as to the defendant's competency at the time of their evaluation. None of those four doctors examined the defendant to assess his ability to form the requisite intent at the time of the charged crimes, none prepared a report on that topic, and none are qualified to offer an opinion on that subject based on the materials currently in the record. The defendant's suggestion that the record contains information sufficient to meet the requirements of Rule 16(b)(1)(C) is incorrect and the experts should also be precluded under Rule 16(d)(2).[3]

---

[2] The documents provided by defense counsel – which are appended to this brief under seal (as medical records of the defendant) as Exhibit A – are also incomplete. For example, the documents provided by Dr. Krishna do not include his progress notes or his invoices describing tests or procedures performed on the defendant.

[3] In the alternative, the government respectfully requests a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), to assess the admissibility of the proposed expert testimony under Federal Rule of Evidence 702. The government does not dispute that these four doctors are experts in their field. It is clear, however, that the proffered evidence or testimony that the defendant seeks to present does not "fit" the issues to be decided at trial. See id. at 591. As the Supreme Court has explained, "'[f]it' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." Id. at 591. The government submits that the evidence or testimony of these doctors relating to the defendant's competency to stand trial will not "assist the trier of fact" in assessing whether the defendant had the requisite mens rea, and it should therefore be excluded under Federal Rule of Evidence 702.

III.  Conclusion

        For the foregoing reasons, the government respectfully submits that the defendant should be precluded from offering expert psychological and/or psychiatric testimony as set forth in his September 10, 2015 letter to the Court.

        Respectfully submitted,

        KELLY T. CURRIE
        Acting United States Attorney

By:      /s/
        Kevin Trowel
        Moira Kim Penza
        Assistant U.S. Attorney
        (718) 254-6351/6454