UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :        **<u>DECISION AND ORDER</u>**
            v.                               :        11-cr-800 (WFK)
                                             :
SEMYON BUMAGIN,                              :
                                             :
            Defendant.                       :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 10, 2015, the Government filed a motion *in limine* requesting adjudication

of the following issues: (1) whether evidence of the Defendant Semyon Bumagin's

("Defendant") involvement in uncharged crimes and other bad acts is admissible at trial either as

direct evidence of the charged crimes or else pursuant to Federal Rule of Evidence 404(b); (2)

whether Defendant's entrapment defense would open the door to predisposition evidence by the

Government; (3) whether Defendant is precluded from raising an insanity defense or offering

evidence relating to a mental disease, defect, or any other mental condition; (4) whether

Defendant's pre- and post-arrest statements are admissible at trial; (5) whether Defendant is

precluded from cross-examining law enforcement witnesses in an effort to solicit exculpatory

statements; (6) whether the Government is permitted to cross-examine Defendant under Federal

Rule of Evidence 609(a)(2) about his 2002 convictions and under Federal Rule of Evidence

609(b) about his 1999 conviction; and (7) whether Defendant is precluded from using draft

transcriptions at trial pursuant to the parties' stipulation. Dkt. 148 ("Motion") at 9-38.

On September 17, 2015, Defendant submitted an opposition expressly reserving positions

on many of the Government's arguments until trial and contesting other issues raised by the

Government in its motion. Dkt. 157 ("Opp.") at 2-4. For the reasons discussed below, the Court GRANTS IN PART the Government's motion *in limine*, and RESERVES IN PART.

## I. Evidence of Defendant's Involvement in Uncharged Crimes and Other Bad Acts

The Government seeks to admit evidence of Defendant's involvement in uncharged crimes and other bad acts as either (1) direct evidence of the crimes charges in the present indictment or (2) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident pursuant to Federal Rule of Evidence 404(b). Motion at 9. For the reasons that follow, the Government's motion is GRANTED.

### A. Legal Standard

"The Federal Rules of Evidence prohibit admission of evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (internal quotation marks and brackets omitted) (citing Fed. R. Evid. 404(b)). The Rules of Evidence do, however, permit admission of such evidence for other purposes. *Id.*

Evidence is "not other-act evidence within the meaning of Rule 404(b)" when it is "admissible to prove material facts other than [Defendant's] propensity to commit a crime[.]" *United States v. Conception*, 983 F.2d 369, 392 (2d Cir. 1992). Specifically, "evidence of uncharged criminal activity is not considered other crimes evidence under [Federal Rule of Evidence 404(b)] if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal quotation marks and citation omitted). "On this basis, the trial court may admit evidence that does not directly establish an element of the offense charged, in order to

2

provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Ashburn*, 11-CR-303, 2015 WL 588704, at *10 (E.D.N.Y. Feb. 11, 2015) (Garaufis, J.) (internal quotation marks and citations omitted). Further, "to be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *Id.* at *11 (internal quotation marks and citations omitted).

Where the indictment contains a conspiracy charge, "uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Eppolito*, 543 F.3d 25, 47 (2d Cir. 2008) (internal quotation marks and citations omitted). Such evidence is admissible where it "show[s] the development of the relationship between" the defendant and his co-conspirators, where it "provid[es] background for the events alleged in the indictment[,]" and where it "enabl[es] the jury to understand the complete story of the crimes charged, or how the illegal relationship between co-conspirators developed." *Mercado*, 573 F.3d at 141 (internal quotation marks and citations omitted).

Alternatively, Federal Rule of Evidence 404(b) provides that

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.

Fed. R. Evid. 404(b)(1) & (2). "[The Second Circuit and her District Courts] follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-

prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *Carboni*, 204 F.3d at 44 (internal quotation marks and citation omitted); *see also United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (noting Second Circuit has adopted an inclusionary approach to other act evidence under Rule 404(b)). "Rule 403 requires the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." *United States v. Riccardi*, 14-CR-2986, 14-CR-3018, 2015 WL 3916101, at *3 (2d Cir. June 26, 2015) (internal quotation marks omitted) (citing Fed. R. Evid. 403).

In sum, evidence "offered under [Federal Rule of Evidence 404(b)] may be admitted if the court: (1) determines that the evidence if offered for a purpose other than to prove the defendant's bad character or criminal propensity; (2) determines that the evidence is relevant under [Federal Rules of Evidence 401 and 402] and is more probative than unfairly prejudicial under [Federal Rule of Evidence 403]; and (3) provides an appropriate limiting instruction to the jury, if one is requested." *United States v. Mickens*, 926 F.2d 1323, 1328-29 (2d Cir. 1991) (internal quotation marks and citations omitted).

## B. Application

### 1. Defendant's 2010 Plan to Rob a Pawn Shop Owner

In 2010, Defendant proposed a plan to rob a pawn shop owner to Cooperating Witness 1 ("CW1"). Motion at 12. CW1 recorded Defendant planning the robbery and asking CW1 to participate in the robbery and to obtain a gun and silencer for use in the robbery, among other things. *Id.* The Government seeks to admit evidence of the 2010 plan to rob a pawn shop owner.

Evidence of uncharged acts may be properly admitted as direct evidence of the charged crime when the evidence "fit[s] the pattern of [the] charged robberies" as the uncharged acts evidence is "relevant because it tend[s] to make it more likely than not that [Defendant] had

engaged in [the charged] robbery conspiracy[.]" *United States v. Steele*, 390 F. App'x 6, 13 (2d Cir. 2010) (citation omitted). Indeed, such "fit" evidence is "not evidence of other crimes." *Id.* (internal quotation marks omitted). "When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." *Id.* (internal quotation marks omitted) (citing *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994)). Evidence of leadership in a conspiracy is also relevant as direct evidence. *United States v. Barret*, 10-CR-809, 2011 WL 6704862, at *6 (E.D.N.Y. Dec. 21, 2011) (Matsumoto, J.).

The uncharged 2010 robbery plan evidence is relevant and admissible here as direct evidence under both the "fit evidence" and "leadership evidence" categories. Defendant's uncharged 2010 plan to rob a pawn shop owner fits the pattern of the current charged robbery conspiracy because in both instances, Defendant (1) conspired with the same individual (CW1) to commit both acts, (2) planned to use a firearm, and (3) targeted purveyors of luxury watches and jewelry. The uncharged 2010 plan therefore fits the pattern of the charged robbery. *Steele*, 390 F. App'x at 13. In addition, the uncharged evidence is relevant for showing Defendant's leadership in the conspiracy, both during the 2010 plan when Defendant contacted CW1 and again when Defendant did the same in the charged conspiracy. Evidence of the uncharged conduct is therefore properly admitted as direct evidence of the charged conspiracy, as it is fit or pattern evidence which shows the "nature and existence" of the conspiracy as well as Defendant's leadership in the conspiracy. *Id.*; *see also Barret*, 2011 WL 6704862 at *6.

Even though the Court finds the 2010 robbery plan evidence is admissible as direct evidence, it is also worth noting the evidence is additionally admissible as prior crimes and bad acts evidence under Rule 404(b). Evidence of prior robberies, especially prior robberies of a similar nature, is admissible to prove *modus operandi* or identity, relationship between co-

conspirators, and intent. *See United States v. Carlton*, 534 F.3d 97, 101-02 (2d Cir. 2008) (citations omitted) (admissible to show common *modus operandi*); *United States v. Lofton*, 275 F. App'x 30, 32 (2d Cir. 2008) (admissible to show evidence of relationship between co-conspirators and intent). Here, evidence of Defendant's 2010 robbery plan shows his *modus operandi* of conspiring with others and obtaining firearms to rob businesses in possession of luxury watches and jewelry. It also shows a continuing relationship between Defendant and CW1, as well as the nature of the relationship in so far as Defendant acts as the conspiracy leader and CW1 is in charge of obtaining the firearm(s). *See, e.g., United States v. Barret*, 10-CR-809, 2011 WL 6935500, at *4 (E.D.N.Y. Dec. 31, 2011) (Matsumoto, J.) ("[E]vidence of the alleged prior robbery may be offered for the non-propensity purpose of showing the background of the charged conspiracy and the relationships among . . . the alleged co-conspirators[.]") (citation omitted). Further, the similarities discussed above between the 2010 robbery plan and the charged conspiracy evidence intent on the part of Defendant. The Court therefore finds the 2010 robbery plan evidence is admissible as to all counts of the Indictment under Rule 404(b) for the proper purposes of showing identity, relationship between co-conspirators, and intent. *See* Dkt. 8 ("Indictment").

### 2. Defendant's Possession of Firearms

In 2011, Defendant engaged in conversations with CW1 in which he discussed his possession of numerous firearms in furtherance of his ongoing criminal activities. Motion at 15-16. Broadly, Defendant discussed accepting a firearm from an associate in order to collect a debt on the associate's behalf, described providing a firearm to another associate for that associate's use during a crime, and detailed his numerous instances of past disposals of firearms in an inlet in Brooklyn, New York. *Id.*

Other act "evidence may be properly admitted for the non-propensity purpose of demonstrating [a defendant's] access to and knowledge of firearms." *Barret*, 2011 WL 6935500 at *4 (citation omitted). Indeed, "prior gun possession is directly relevant to the issue of opportunity and absence of mistake and also admissible to demonstrate [a defendant's] ability to access such a weapon." *United States v. Taylor*, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) (Marrero, J.) (citations omitted).

Here, Defendant's statements to CW1 show Defendant's ability to obtain firearms, his knowledge of firearms, especially how to obtain and then dispose of them, and further show opportunity and absence of mistake. These are proper non-propensity purposes under Rule 404(b). Accordingly, these statements are admissible.

### 3. Probative Value Outweighs Any Prejudice under Rule 403

Federal Rule of Evidence 403 provides a court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice[.]" Fed. R. Evid. 403. In general, evidence of prior crimes or bad acts is admissible when the prior acts "did not involve conduct any more sensational or disturbing than the crimes with which [defendant is] charged." *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (internal quotation marks and citation omitted). This is because when the prior bad act evidence is not sensational or disturbing, the evidence "is not more prejudicial than probative." *Taylor*, 767 F. Supp. 2d at 438 (citation omitted).

Here, the prior bad acts, namely the 2010 robbery plan and Defendant's possession of firearms, are no "more sensational or disturbing" than the Hobbs Act robbery conspiracy, illegal use of a firearm, felon in possession of ammunition, and felon in possession of ammunition crimes with which Defendant is charged. *Pitre*, 960 F.2d at 1120 (internal quotation marks and

citation omitted). Further, the Court will provide a limiting instruction if so requested by the Defendant. Accordingly, the Court finds the evidence at issue is properly admissible as direct evidence and under Rule 404(b) and further that the proffered evidence's probative value outweighs any prejudice under Rule 403. Accordingly, the Government's motion on this issue is GRANTED.

## II. Entrapment Defense and Predisposition Evidence

The Government moves to admit certain evidence to rebut Defendant's expected entrapment defense, including: (1) Defendant's identification as a high-ranking member of Russian organized crime and the significance of certain tattoos on his body in connection with the position; (2) evidence of Defendant's previous participation in the disposal of firearms; (3) Defendant's prior fraud convictions; and (4) evidence of other crimes Defendant planned and discussed in recordings made during the instant investigation. Motion at 19. For the reasons discussed below, the Court GRANTS IN PART and RESERVES IN PART on the Government's motion *in limine*.

### A. Legal Standard

"Entrapment is an affirmative defense that requires a defendant to prove by a preponderance of the evidence the government's inducement to commit the crime." *United States v. Brand*, 467 F.3d 179, 189 (2d Cir. 2006) (internal quotation marks and citation omitted). "If a defendant carries his burden of establishing entrapment, the government can still defeat the defense of entrapment if it can show that a defendant was predisposed to commit the crime." *Id.* "[T]he prosecutor must show predisposition beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The government may show that a defendant was predisposed to commit the crime charged by demonstrating: (1) an existing course of

criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidence by the accused's ready response to the inducement." *United States v. Al-Moayad*, 545 F.3d 139, 154 (2d Cir. 2008) (internal quotation marks, brackets, and citations omitted).

"Predisposition evidence can be established by evidence of a defendant's past conduct[.]" *United States v. Harvey*, 991 F.2d 981, 994 (2d Cir. 1993). "With regard to what is considered criminal conduct similar to that which the defendant is charged, conduct that is morally indistinguishable and of the same kind is considered sufficiently similar." *United States v. Sampson*, 13-CR-269, 2015 WL 2066073, at *9 (E.D.N.Y. May 4, 2015) (Irizarry, J.) (internal quotation marks and citations omitted). The similar conduct need not be criminal to support a finding of predisposition. *United States v. Gantzer*, 810 F.2d 349, 352 (2d Cir. 1987).

### B. Application

The Government proposes offering a wide variety of evidence to rebut an entrapment defense if raised by Defendant. Motion at 20-25. Defendant does not contest the Government's objective ability to introduce entrapment evidence, but reserves the right to, and states an intention to, object to any evidence propounded by the Government on the basis that (1) the evidence fails the test for relevance under Federal Rule of Evidence 401 or (2) the evidence should be excluded because danger of prejudice substantially outweighs its probative value under Federal Rule of Evidence 403. Opp. at 2. Accordingly, the Government's motion *in limine* is GRANTED as to the ability of the Government to introduce such rebuttal evidence, but the Court RESERVES as to the admissibility of any particular piece of evidence subject to a showing of relevance and a showing that the evidence's probative value outweighs the danger of prejudice.

### III. Insanity Defense

The Government moves *in limine* to preclude Defendant from raising an insanity defense at trial. *See* Motion at 26; *see also* Dkt. 135 ("Insanity Mot.") at 4. The Government argues that, given Defendant's current competence to stand trial "and his ongoing, conscious attempt to avoid punishment for his actions, there is no basis to find that he was legally insane" at the time of the charged offenses. Insanity Motion at 4. For the reasons discussed below, the Court GRANTS the Government's motion *in limine* on this issue as to Counts Two, Three, and Four of the Indictment and RESERVES on this issue as to Count One of the Indictment.

### A. Legal Standard

The Insanity Defense Reform Act of 1984 ("IDRA"), codified at 18 U.S.C. § 17, represents the first federal legislation on the insanity defense. *United States v. Garcia*, 94 F.3d 57, 61 (2d Cir. 1996). The IDRA "narrowed the definition of insanity" and "shifted to the defendant the burden of proving the insanity defense by clear and convincing evidence." *Id.* (internal citations omitted); *see also* 18 U.S.C. § 17(b). Specifically, the IDRA states the insanity defense is

> an affirmative defense to a prosecution under and Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. § 17(a). "The defenses eliminated by [the second sentence of] the IDRA include diminished capacity, diminished responsibility, mitigation, and justification." *United States v. Sabir*, 04-CR-673, 2007 WL 1373184, at *5 (S.D.N.Y. May 10, 2007) (Preska, J.) (internal quotation marks and citations omitted). At trial, a defendant who seeks to prove he was legally insane when the offense occurred must prove by clear and convincing evidence (1) "he had a

severe mental disease or defect" at the time of the offense; and (2) "as a result he had been unable to appreciate the nature and quality or the wrongfulness of his acts." *United States v. Polizzi*, 545 F. Supp. 2d 270, 272 (E.D.N.Y. 2008) (Weinstein, J.) (internal quotation marks and citation omitted).

"[T]he IDRA does not preclude a defendant from submitting mental health evidence for the purpose of rebutting the prosecution's proof of the *mens rea* element of a specific intent crime." *Sabir*, 2007 WL 1373184 at *5 (internal quotation marks and citations omitted; emphasis in original). "Nevertheless, such evidence is permitted only in rare and narrowly defined circumstances because of the high likelihood that it will result in the resurrection of precisely the kinds of defenses the IDRA was enacted to prohibit." *Id.* (citations omitted).

"Accordingly, in determining whether evidence of a mental impairment is admissible for this purpose, a defendant is required to demonstrate clearly, in advance of trial, that there is a direct link between such evidence and the specific *mens rea* that the Government must prove." *Id.* (collecting cases) (citations omitted; emphasis in original). "Conclusory statements by a defendant about the link between psychiatric evidence and the defendant's *mens rea* at the time the alleged crime was committed do not render the evidence admissible." *Id.* at *6 (collecting cases) (internal quotation marks and citations omitted; emphasis in original). "Moreover, th[e] burden of showing that proffered testimony is offered to negate the *mens rea* element of a crime and not in support of some improper defense theory falls squarely on the defendant." *Id.* (collecting cases) (internal quotation marks and citations omitted; emphasis in original). In other words, the expert's testimony must "fit[] the facts of the case" in order to be relevant under Federal Rules of Evidence 401 and 702. *United States v. Towns*, 19 F. Supp. 2d 67, 71 (W.D.N.Y. 1998) (Skretny, J.) (internal quotation marks and citations omitted). "*Daubert* [*v.*

*Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)] makes it clear that the proffered expert

testimony must have come valid scientific connection to the facts of the case in order to be

helpful[,]" and "[c]onducting this analysis of the fit between the proffered testimony and the

disputed facts of the case is another way of undertaking the relevance inquiry." *Id.* (internal

quotation marks and citations omitted). "Thus, it is not enough for a defendant to show that his

psychiatric condition adversely affected his state of mind during the relevant time period or that

his disorder caused him to commit the actions that form the basis of a charge." *Sabir*, 2007 WL

1373184 at *6 (collecting cases) (internal citations omitted). Instead, the proffered testimony

must specifically speak to the defendant's *mens rea* at the time of the charged crimes in order to

help establish a "legally adequate basis for negating intent." *United States v. Agnello*, 158 F.

Supp. 2d 285, 288-89 (E.D.N.Y. 2001) (Gershon, J.) (citation omitted). Evidence and expert

testimony that "does not claim [the defendant] has some type of mental disease or defect which

affected his ability to form the requisite intent . . . is of no relevance to the jury." *Sabir*, 2007

WL 1373184 at *9. Testimony that is "offered merely to excuse or justify [the defendant's]

conduct . . . is not proper[,]" and "is exactly what the IDRA was enacted to prevent." *Id.*

Further, evidence that merely shows the defendant suffered from a long-term condition that is

better controlled at certain times and less controlled at others during the time of the charged

criminal conduct "cannot be a sufficient basis for arguing to the jury that specific charged

instances of criminal conduct were not intended by the defendant." *Agnello*, 158 F. Supp. 2d at

289.

Additionally, "[e]ven if the proffered psychological testimony has some relevance to the

issue of *mens rea*, it may be excluded for failing the test of admissibility under Rule 403." *Sabir*,

2007 WL 1373184 at *7 (emphasis in original). Rule 403 permits a court to exclude relevant

evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. Psychological testimony evidence "presents an inherent danger that it will distract the jury from focusing on the actual presence of absence of *mens rea*." *Sabir*, 2007 WL 1373184 at *7 (internal quotation marks, brackets, and citation omitted). For example, such testimony may be excluded under Rule 403 if it "would suggest that the jurors should have sympathy" for the defendant or "implicitly encourage them to nullify by acquitting [the defendant] based on something other than the question of whether the Government has proved each element of the crimes charged beyond a reasonable doubt." *Id.* at *9. The risk is high that psychological evidence "could easily mislead the jury into thinking such evidence ameliorates or excuses the offense, that is, that it provides the very kind of defense that Congress has expressly disallowed." *Agnello*, 158 F. Supp. 2d at 289 (citations omitted). For this reason, "such evidence, even if relevant and helpful under [Federal Rules of Evidence] 401 and 702, is excluded under Rule 403 where its capacity to mislead and confuse the jury substantially outweighs whatever limited probative value it may have." *Sabir*, 2007 WL 1373184 at *7 (collecting cases) (citations omitted).

## B. Application

The Government argues there is no evidence Defendant could put forth which would satisfy the specific negation of *mens rea* requirement of the IDRA, and furthermore that expert psychological testimony is not admissible as to Counts Two, Three, or Four as they are general intent crimes. Insanity Mot. at 4; Dkt. 159 ("Expert Opp.") at 2-6. In opposition, Defendant argues simply that evidence relevant to the specific question of *mens rea* would be admissible. Opp. at 3.

The Government is correct as to the non-admissibility of expert psychological testimony in relation to Counts Two, Three, and Four of the Indictment, which charge violations of 18 U.S.C. § 924(c) (Count Two) and 18 U.S.C. § 922(g) (Counts Three and Four). Indictment at 2-3. Expert psychological testimony of a defendant's mental disease or defect is only admissible to challenge the *mens rea* requirement of a specific intent crime. *See, e.g.*, *Sabir*, 2007 WL 1373184 at *5. The crimes charged in Counts Two, Three, and Four are general intent crimes. *See, e.g.*, *United States v. Collier*, 533 F. App'x 690, 691 (8th Cir. 2013) (noting 18 U.S.C. § 922(g) are general intent crimes); *United States v. Dare*, 425 F.3d 634, 641 n.3 (9th Cir. 2005) (noting a 18 U.S.C. § 924(c) offense "requires only a general intent"). Accordingly, expert psychological testimony is not admissible as to Counts Two, Three, and Four. *See, e.g.*, *United States v. Brown*, 326 F.3d 1143, 1147 n.2 (10th Cir. 2003) (noting expert psychological testimony "would not be relevant to the charges of unlawful use of a firearm and felon in possession" because those are general intent crimes). The Government's motion *in limine* is GRANTED as to Counts Two, Three, and Four.

As to Count One, however, expert psychological testimony could be admissible as Count One is a specific intent crime. With the principles discussed above in mind, the Court hereby RESERVES a determination of the admissibility of any expert physiological testimony regarding the *mens rea* requirement of Count One for trial in order to permit Defendant an opportunity to show such testimony addresses the specific negation of *mens rea* requirement of the IDRA.

## IV. Admissibility of Pre- and Post-Arrest Statements

Defendant made statements to law enforcement on November 2, 2011 following his arrest and a written and oral waiver of his *Miranda* rights, and again on November 27, 2011. Motion at 27. Defendant has not moved to suppress these statements prior to trial pursuant to

Federal Rule of Criminal Procedure 12(b)(3)(c). "He consequently has waived the argument." *United States v. McCullough*, 523 F. App'x 82, 83 (2d Cir. 2013) (citing Fed. R. Crim. P. 12(e)). Further, while a District Court may grant relief from such a waiver, "it may not do so where, as here, [Defendant] has not provided, much less established, any reasonable excuse for his failure to raise the suppression issue in a timely fashion[.]" *Id.* (internal quotation marks and citation omitted). Accordingly, Defendant's statements to law enforcement are admissible at trial. The Government's motion *in limine* on this issue is GRANTED.

## V.      Cross-Examination of Law Enforcement Witnesses by Defendant

The Government has indicated in its motion that it plans to call certain law enforcement agents as witnesses to testify regarding statements the Defendant made to the agent-witness. Motion at 28. As an initial matter, the Government argues these statement are not hearsay and are admissible under Federal Rule of Evidence 801(d)(2) because they are an opposing party's statement, namely the Defendant's statement, offered against the Defendant. *See* Fed. R. Evid. 801(d)(2)(A) (noting a statement is not hearsay when the "statement is offered against the opposing party and . . . was made by the party in an individual or representative capacity"). The Government is correct.

The Government now seeks to preclude Defendant from cross-examining the Government's witnesses in an effort to elicit exculpatory statements made by Defendant to the witnesses. Motion at 28-29. "[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and is not admissible." *United States v. Black*, 13-CR-316, 2014 WL 5783067, at *1 (E.D.N.Y. Nov. 5, 2014) (Irizarry, J.) (internal quotation marks omitted) (citing *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)). "Consequently, [D]efendant's self[-]serving, exculpatory statements are inadmissible hearsay[.]" *Id.* at *2

(internal quotation marks and citations omitted). Accordingly, Defendant is precluded from cross-examining the Government's witnesses in an effort to elicit exculpatory statements made by Defendant because such statements are inadmissible hearsay. The Government's motion *in limine* on this issue is GRANTED.

## VI.    Cross-Examination of Defendant Regarding Past Convictions

The Government moves to cross-examine Defendant at trial about his 1999 conviction for bank fraud conspiracy and his 2002 convictions in the Southern District of New York for conspiracy to possess and pass a counterfeit check and for attempt to pass a fictitious obligation. Motion at 31. The Government argues it is entitled to cross-examine Defendant about his 1999 conviction pursuant to Federal Rule of Evidence 609(a)(1) because the probative value of the prior conviction substantially outweighs its prejudicial effect. *Id.* The Government argues it is entitled to cross-examine Defendant about his 2002 convictions pursuant to Federal Rule of Evidence 609(a)(2) because both crimes have as elements a dishonest act or false statement and Defendant was release from incarceration on those charges less than ten years ago. *Id.* For the following reasons, the Government's motion *in limine* on this issue is GRANTED.

### A. Legal Standard

Federal Rule of Evidence 609 governs the admissibility of evidence of prior convictions for impeachment purposes, and provides in relevant part:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: . . . (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: . . . (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a)(1)(B) & (a)(2).

Rule 609(a)(1)(B) modifies the usual Rule 403 balancing test for criminal cases in which the defendant is a witness. *Compare* Fed. R. Evid. 609(a)(1)(B) *with* Fed. R. Evid. 403.

Rule 609(a)(2) provides an different standard for crimes that involve "a dishonest act or false statement." Fed. R. Evid. 609 (a)(2). Specifically, "evidence of conviction of a certain type of crime[,] one involving dishonesty of false statement[,] must be admitted, with the trial court having no discretion[.]" *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (internal quotation marks and citations omitted). The types of crimes covered is limited to those "peculiarly probative of credibility, such as those for perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense or any other offence in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." *Id.* (internal quotation marks and citations omitted). "The presumption under Rule 609(a)(2) . . . is that the essential facts of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the evidence that is to be admitted for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) (internal quotation marks and citations omitted).

If more than ten years have passed since the witness's conviction of release from confinement for it, then Rule 609(b) modifies 609(a). Fed. R. Evid. 609(b). Rule 609(b) provides evidence of such an old conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and the proponent gives an adverse party reasonable written notice[.]" Fed. R. Evid. 609(b)(1) & (2) "In weighing the probative value of the evidence of the prior conviction against its prejudicial effect,

courts in this Circuit consider the following factors: (1) the impeachment value of the prior crimes, (2) the date of the conviction and the Defendant's subsequent history, (3) the degree of similarity between the past crimes and this crime, (4) the centrality of the Defendant's credibility in this case, and (5) the importance of the Defendant's testimony." *United States v. Brown*, 606 F. Supp. 2d 306, 311-12 (E.D.N.Y. 2009) (Matsumoto, J.) (internal quotation marks, brackets, and citations omitted).

## B. Application

### 1. Defendant's 1999 Conviction

On November 4, 1998, Defendant pleaded guilty to bank fraud conspiracy in violation of 18 U.S.C. § 371. Motion at 35. As Defendant was released from incarceration for this conviction more than ten years ago, the Court must consider the five Rule 609(b) factors in determining whether to admit evidence of this conviction.

Regarding the first factor, "the impeachment value of a fraud conviction [is] high[.]" *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981). This is because such a conviction bears "on the accused's propensity to testify truthfully." *Hayes*, 553 F.2d at 827 (internal·quotation marks and citations omitted). This factor weighs heavily in favor of admitting Defendant's 1999 conviction.

On the second factor, Defendant was released after serving his twelve-month sentence for the 1999 conviction and then was arrested again in 2002 for conspiracy to possess and pass a counterfeit check and for attempt to pass a fictitious obligation. Motion at 36. This subsequent history "[does] not suggest that [Defendant] [has] abandoned his earlier ways[,]" but rather suggests he quickly fell back into criminal conduct. *Gilbert*, 668 F.2d at 97. It too weighs in favor of admitting Defendant's 1999 conviction.

As to the third factor, "similarity of past and present offenses weighs heavily *against* the use of prior criminal convictions for impeachment purposes" because of the danger of unfair prejudice. *Brown*, 606 F. Supp. 2d at 314 (internal citation omitted; emphasis in original). Crimes that are dissimilar, on the other hand, do not "invite improper inferences" and so weigh in favor of admission. *Gilbert*, 668 F.2d at 97. Here, Defendant's conviction for bank fraud conspiracy is not so similar to the current charges of Hobbs Act Robbery Conspiracy, Illegal Use of a Firearm, Felon in Possession of Ammunition, and Felon in Possession of a Firearm as to raise concerns of unfair prejudice. This factor therefore also weighs in favor of admitting Defendant's 1999 conviction.

Considering the fourth factor, if Defendant chooses to testify, then his credibility will be directly in issue and will be a crucial issue for the jury to evaluate. *See, e.g.*, *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998) (noting defendant's credibility was "crucial"). This weighs in favor of admitting Defendant's 1999 conviction.

Finally, in regards to the fifth factor, if Defendant were to testify in furtherance of his entrapment defense, his testimony will be of the utmost importance as Defense Counsel has not noticed any other witness who could be used to support Defendant's entrapment defense, the burden of proof for which falls initially on Defendant. *See* Dkt. 147 ("Expert Notice") (listing only medical professionals as trial witnesses); *see also Brand*, 467 F.3d at 189. This last favor, then, also weighs in favor of admitting Defendant's 1999 conviction.

On the basis of this record, the Court finds all five 609(b) factors weigh in favor of admitting Defendant's 1999 conviction as impeachment evidence should Defendant choose to testify. Accordingly, the Government's motion *in limine* on this issue is GRANTED.

### 2. Defendant's 2002 Convictions

Defendant's 2002 convictions for conspiracy to possess and pass a counterfeit check and for attempt to pass a fictitious obligation fall under Rule 609(a)(2) because each conviction required Defendant to admit at his guilty plea an intent to defraud. *See* 18 U.S.C. §§ 371, 513(a), 514(a)(2). "Rule 609(a)(2) mandates admission of [Defendant's] prior convictions for . . . conspiracy to commit bank fraud, and false statements, [both of which are] offenses involving dishonesty and false statements[.]" *United States v. Watts*, 934 F. Supp. 2d 451, 490 (E.D.N.Y. 2013) (Matsumoto, J.). Moreover, Rule 609(b) is not implicated by these convictions as Defendant was release from incarceration for these convictions on December 11, 2006, less than ten years before trial will begin in this case. Motion at 35. Accordingly, the Government's motion *in limine* on this issue is GRANTED.

### VII. Preclusion of Draft Transcripts

On January 6, 2012, the Government and Defendant entered into a stipulation with regards to draft transcripts of consensual recordings made by the cooperating witness and of calls made by Defendant from the Metropolitan Detention Center ("Stipulation" and "Draft Transcripts", respectively). Motion at 38, Ex. A. ¶¶ 1-2. In pertinent part, the Stipulation provides "Draft [T]ranscripts . . . cannot be used in any proceeding by any person, including persons who are not parties to this case" and "use of Draft Transcripts by [D]efendant is limited to plea negotiations and trial preparation for this case and the Draft Transcripts may not be used at trial by [D]efendant in any form or for any purpose whatsoever, including use in cross-examination of any witness[.]" Motion at Ex. A. ¶¶ 1-2. The stipulation is enforceable and the Defendant is accordingly prohibited from using the Draft Transcripts at trial. *See, e.g., United States v. Mayes*, 10-CR-473, 2011 WL 5320976, at *3 (E.D.N.Y. Nov. 2, 2011) (Ross, J.) ("If

parties were permitted to bypass the stipulation . . . the stipulations would be valueless, and the government would, in all likelihood, end its practice of providing draft transcripts to the defense."). The Government's motion *in limine* on this issue is GRANTED.

## CONCLUSION

The Court hereby GRANTS IN PART the Government's motion *in limine* with respect to (1) the admissibility of evidence of Defendant's involvement in uncharged crimes and other bad acts; (2) the ability of the Government to introduce evidence to rebut an entrapment defense; (3) Defendant being precluded from introducing psychological testimony evidence in relation to Counts Two, Three, and Four; (4) the admissibility of Defendant's pre- and post-arrest statements; (5) Defendant being precluded from cross-examining law-enforcement witnesses in an effort to elicit exculpatory statements made by Defendant to the witnesses; (6) the ability of the Government to cross-examine Defendant regarding his past convictions if Defendant chooses to testify in his own defense; and (7) Defendant being precluded from using draft transcripts provided by the Government to Defendant pursuant to a stipulation between the parties. The Court RESERVES IN PART on the Government's motion *in limine* with respect to (1) the admissibility of any specific piece of entrapment rebuttal evidence; and (2) the admissibility of any specific piece of psychological testimony or evidence of a mental disease or defect introduced by Defendant in relation to Count One.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: September 28, 2015
       Brooklyn, New York