# Zoë Dolan

| www.zoedolan.com | Attorney At Law | 154 Grand Street |
| zdolan@gmail.com | Admitted NY & CA | New York, NY 10013 |
| | (347) 301-5180 | |

January 7, 2016

Hon. William F. Kuntz II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Bumagin*
        11 Cr. 800

Dear Judge Kuntz:

This letter is submitted in connection with the Court's order granting the government's request for a fifth evaluation pursuant to 18 U.S.C. § 4241 to determine "mental competency" of the defendant Semyon Bumagin. Docket entry nos. 184 and 183, respectively. Mr. Bumagin now moves to renew his motion to dismiss the indictment or release him ("MTD"), Docket entry no. 79.

There is no dispute that Mr. Bumagin suffers from dementia. The defense argues that § 4241 is unconstitutional, as applied, because there is no evidence that any further hospitalization would result in competency to stand trial, and that, in light of the neurodegenerative stasis or decline inherent in Mr. Bumagin's condition, the indefiniteness of ongoing confinement exceeds the constitutional parameters that the applicable "rule of reasonableness" imposes. *See* MTD at 17-18 (discussing arguments); 18 U.S.C. § 4241(d)(1)-(2) (conditioning statute's applicability on reason to believe competency may be achieved).

In addition, the Eighth Amendment proscribes cruel and unusual punishment. This prohibition is primarily directed against "tortures" and "other barbarous" methods of punishment, and punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 170-73 (1976) (internal quotation marks and citation omitted). An Eighth Amendment violation based on inadequate medical care arises where, as here, the record establishes deliberate indifference to serious medical

Page 1 of 2

needs. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Accordingly, the pending proceedings cannot survive.

The Court's consideration of this submission is appreciated.

Sincerely,

s/
Zoë Dolan

Cc:     All counsel via ECF