

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG:KMT/MKP
F. #2011R01816

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 14, 2016

By ECF

The Honorable William F. Kuntz, II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Semyon Bumagin
                 Criminal Case No. 11-800 (WFK)

Dear Judge Kuntz:

      By letter dated January 13, 2016, defendant moved for a stay during the pendency of his appeal of the Court's December 28, 2015 Order granting the government motion for a hearing pursuant to 18 U.S.C. § 4241(a) and a 30-day psychiatric or psychological evaluation of the defendant, pursuant to 18 U.S.C. § 4241(b). The defendant's motion should be denied.

      It is well-settled in the Second Circuit that a defendant may not appeal an order for a 30-day psychological exam under 18 U.S.C. §§ 4241(a), (b). See United States v. Barth, 28 F.3d 253, 255 (2d Cir. 1994). As the Second Circuit made clear in Barth, orders of the type entered by the Court on December 28, 2015 do not "resolve an important issue" distinct from the merits of the action and are, instead, "a preliminary step" to the district court's "ultimate determination" of the competency issue. Id. at 255. Accordingly, the Second Circuit held that such orders are not appealable under the "collateral order" doctrine, and the Second Circuit has no jurisdiction to hear them. See id. at 254, 255; see also, e.g., United States v. Magassouba, 544 F.3d 387, 400 n.7 (2d Cir. 2008) (citing approvingly to Barth); United States v. Culbertson, 598 F3d 40, 50 n.1 (2d Cir. 2010) (same).

      Because the Second Circuit lacks jurisdiction to hear the defendant's interlocutory appeal, the defendant cannot make the showing required to support a stay of the challenged order. Indeed, the defendant cannot make "strong showing that he is likely to succeed on the merits," because the Second Circuit will, under Barth, dismiss the appeal for

lack of jurisdiction before reaching its merits. Similarly, because there is no jurisdictional basis for defendant's appeal, he will not be "irreparably injured" by the Court's refusal to stay the order. To the contrary, because the Second Circuit lacks jurisdiction to hear the appeal, the delay that would follow from the requested stay would injure both parties as proceedings stop and the government and defendant wait for the inevitable order from the Second Circuit dismissing the appeal for lack of jurisdiction. Under these circumstances, the interest of the parties and the public is clearly in continuing with the evaluation so the government can "determine whether further criminal or civil proceedings are appropriate in this matter." (Gov't letter dated Dec. 28, 2015 at 3 (Dkt. No. 183).)

        The government respectfully requests that the defendant's motion for a stay pending appeal be denied.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:   /s/ Kevin Trowel
      Kevin Trowel
      Moira Kim Penza
      Assistant U.S. Attorneys
      (718) 254-7000

cc: Zoe Dolan, Esq. (by ECF)